IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC. | : | |
| | : | |
| v. | : | Civil Action No. DKC 18-1680 |
| | : | |
| GOPI HOSPITALITY, LLC, et al. | : | |
| | : | |

**MEMORANDUM OPINION AND ORDER**

The Clerk entered default against Defendants Gopi Hospitality, LLC, Upesh Shah, and Vipul M. Patel on August 3, 2018, for want of answer or other defense. (ECF No. 8). Defendants Upesh Shah and Vipul Patel filed a motion requesting another 30 days to respond on August 13. (ECF No. 9). The court issued an Order construing the Defendants' motion as a motion to vacate the entry of default and provided Plaintiff an opportunity to respond. (ECF No. 10). To date, Plaintiff has not filed a response and the time for doing so has expired.

Defendants subsequently filed a paper titled "reply by the defendant towards the application filed by the plaintiff for the arbitration award" requesting that the court vacate the arbitration award and transfer this action to Illinois or provide Defendants time to "present his side of the true facts of the case." The court will accept the paper as an answer on behalf of Defendants Upesh Shah and Vipul M. Patel only. (ECF No. 11). The corporate defendant, Gopi Hospitality, LLC, may appear only through counsel.

The United States Court of Appeals for the Fourth Circuit
stated the following standard for a district court to apply in this
situation:

> As we stated in *Payne* [*ex rel Estate of
> Calzada v. Brake*], 439 F.3d [198 (4th Cir. 2006)] at
> 204–05:
>
> > When deciding whether to set aside an
> > entry of default, a district court
> > should consider whether the moving
> > party has a meritorious defense,
> > whether it acts with reasonable
> > promptness, the personal
> > responsibility of the defaulting
> > party, the prejudice to the party,
> > whether there is a history of
> > dilatory action, and the availability
> > of sanctions less drastic.
>
> See Fed.R.Civ.P. 55(c) (providing that "[f]or good
> cause shown the court may set aside an entry of
> default"). We have repeatedly expressed a strong
> preference that, as a general matter, defaults be
> avoided and that claims and defenses be disposed of
> on their merits. *E.g., Tazco, Inc. v. Director,
> Office of Workers Compensation Program, U.S. Dep't
> of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The
> law disfavors default judgments as a general
> matter."); *Consolidated Masonry & Fireproofing
> [Inc. v. Wagman Constr. Corp.]*, 383 F.2d [249 (4th
> Cir. 1967)] at 251 ("Generally a default should be
> set aside where the moving party acts with
> reasonable promptness and alleges a meritorious
> defense."). This imperative arises in myriad
> procedural contexts, but its primacy is never
> doubted.

*Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616
F.3d 413, 417 (4th Cir. 2010)(footnote omitted).

Here, the balance of factors favor vacating the entry of
default as to the individual Defendants Upesh Shah and Vipul M.

Patel.  The delay has been minimal, and delay by itself is not prejudice in this context. *Colleton Preparatory*, 616 F.3d at 418 (citation omitted).  Although there may be a history of dilatory action by Defendants, Plaintiff has not opposed the motion to vacate the entry of default, and Defendants allege a plausible, meritorious defense.  In light of the strong preference that defaults be avoided and that claims and defenses be disposed of on their merits, the motion to vacate entry of default will be granted.

Accordingly, it is this 4th day of September, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1.   The default entered by the clerk as to Defendants Upesh Shah and Vipul M. Patel (ECF No. 8), BE, and the same hereby IS, VACATED IN PART; and,

2.   The clerk will transmit copies of this Order to counsel for Plaintiff and Defendants Upesh Shah and Vipul M. Patel.

/s/
_____
DEBORAH K. CHASANOW
United States District Judge
