IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, :
INC. :
 :
   v. : Civil Action No. DKC 18-1680
 :
GOPI HOSPITALITY, LLC, et al. :
 :

**MEMORANDUM OPINION**

Plaintiff filed a motion for default judgment on July 24, 2018. (ECF No. 6). For the following reasons, the motion will be granted as to the corporate defendant and denied as to the individual defendants.

**I. Background**

Plaintiff commenced this action on June 8, 2018 by filing an application to confirm an arbitration award against Defendants Gopi Hospitality, LLC, Upesh Shah ("Mr. Shah"), and Vipul M. Patel ("Mr. Patel"). (ECF No. 1). The attached "Final Award," dated January 31, 2018 states Plaintiff established by a preponderance of the evidence that: (1) Defendants Gopi Hospitality, LLC, Mr. Shah, and Mr. Patel materially defaulted on the franchise agreement entered into on May 7, 2007; (2) the agreement was properly terminated; and (3) Plaintiff incurred damages under the franchise agreement.

Pursuant to the arbitration clause in the parties' franchise agreement, Plaintiff commenced arbitration proceedings

with the American Arbitration Association on November 23, 2016. (ECF No. 1-2, at 1-2). Richard T. Seymour ("the arbitrator") ordered Defendants Gopi Hospitality, LLC, Mr. Shah, and Mr. Patel to pay, jointly and severally, the total sum of $229,526.65. (ECF No. 1-2, at 4). The total award was comprised of $165,900 in damages for lost profits, $52,138.15 in damages other than lost profit but including interest, and $11,488.50 for arbitration expenses. (*Id.*).

Plaintiff served Defendants with a summons and copy of the application on June 16, 2018. (ECF No. 4). Plaintiff moved for an entry of default by the Clerk (ECF No. 5) and for default judgment (ECF No. 6) on July 24, 2018. The Clerk entered default against all defendants on August 3, 2018. (ECF No. 8).

Individual Defendants Mr. Shah and Mr. Patel filed a motion for extension of time on August 13, 2018, requesting an additional 30 days to answer Plaintiff's complaint. (ECF No. 9). The court construed Defendants' motion as a motion to vacate the entry of default and provided Plaintiff fourteen (14) days to respond. (ECF No. 10).

Defendants filed a "reply by the defendant towards the application filed by the plaintiff for the arbitration award" on August 11, 2018. (ECF No. 11). Plaintiff did not respond to Defendants' motion. In a memorandum opinion and order dated September 4, 2018, the court accepted the Individual Defendants' reply as an answer to Plaintiff's application on behalf of the

Individual Defendants Mr. Shah and Mr. Patel and reminded the corporate defendant, Gopi Hospitality, LLC, that it may appear only through counsel. (ECF No. 12). The opinion and order also vacated the Clerk's entry of default as to the Individual Defendants, Mr. Shah and Mr. Patel. (*Id.*). Thus, the motion for default judgment can only apply to the corporate defendant.

## II. Motion for Default Judgment

A defendant's default does not automatically entitle the plaintiff to entry of a default judgment. Instead, the decision to enter default is within the court's discretion. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002); 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2682 (4th ed. 1998) ("Rule 55(a) [] authorizes a default to be entered against any party who fails to plead or otherwise defend within the 21 days allowed by Rule 12(a). Of course, the court has discretion to grant additional time to a party to plead or otherwise defend."). The United States Court of Appeals for the Fourth Circuit has a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), but recognizes the court's discretion to grant default judgment "when the adversary process has been halted because of an [] unresponsive party," *SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005).

Upon entry of default, "the well-pled allegations in a complaint as to liability are taken as true, although the

allegations as to damages are not." *Id.* at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Here, the damages request in Plaintiff's motion for default judgment is an exact replica of the amount Plaintiff sought in the application for confirmation of arbitration award. Because both the motion and the application request damages in the amount of $229,526.65, exclusive of interest and costs, Plaintiff's motion for default judgment complies with the damages requirement of Fed.R.Civ.P. 54(c). (ECF Nos. 1, at 6; 6, at 1-2).[1]

Where default judgment is sought with respect to an application for confirmation of an arbitration award, the petitioner "must [also] show that it is entitled to confirmation of the arbitration award as a matter of law." *United Cmty. Bank*

---

[1] Plaintiff's interest claim is irrelevant here because Plaintiff is entitled to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

*v. Arruarana*, 2011 WL 2748722, at *2 (W.D.N.C. July 13, 2011) (citing *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2$^d$ Cir. 2006); *McColl Partners, LLC v. DME Holdings, LLC*, No. 3:10cv274, 2011 WL 971575, at *1 (W.D.N.C. Mar. 17, 2011)).  As set forth in 9 U.S.C. § 9:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

The arbitration clause in the parties' franchise agreement provides, in part, that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction."  (ECF No. 1-1 ¶ 21).  In compliance with the arbitration clause, arbitration occurred in and a judgment was awarded in the State of Maryland.  (ECF No. 1 ¶ 17).  Plaintiff properly complied with 9 U.S.C. § 9 by filing its application with this court within one year after the award was

made. Thus, an order confirming the award must be granted unless the award is vacated, modified, or corrected.

Section 10 of the Federal Arbitration Act allows vacatur of an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Additionally, the court may vacate an arbitration award "if the arbitrator acted in manifest disregard of law." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998). Court review of an arbitrator's award is strictly limited in scope "to avoid frustrating the fundamental purpose of arbitration, *i.e.*, quick dispute resolution and avoidance of the expense and delay of court proceedings." *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992). Additionally, the burden of proof is on the party challenging the award to clearly establish grounds for vacating the award. *Id.*

By failing to answer or otherwise respond to Plaintiff's application, Defendant Gopi Hospitality, LLC failed to demonstrate grounds for vacating the arbitration award. In granting the award, the arbitrator concluded that the documentary and testimonial evidence submitted at the arbitration hearing was credible and supported a finding in favor of plaintiff. (ECF No. 1-2 ¶ 5). There is no evident reason why the award should not be confirmed as to Gopi Hospitality, LLC.

Accordingly, Plaintiff's motion for the entry of a default judgment in the amount of $229,526.65, together with interest at the post-judgment rate until paid, plus costs of $400.00 will be granted as to the corporate defendant, Gopi Hospitality, LLC and denied without prejudice as to the individual defendants Mr. Shah and Mr. Patel. A scheduling order will be entered for the remaining claims. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge