IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC. :
:
:
   v. : Civil Action No. DKC 18-1680
:
GOPI HOSPITALITY, LLC, et al. :
:

**MEMORANDUM OPINION**

This contract dispute arises from a hotel franchise agreement ("franchise agreement") between Plaintiff Choice Hotels International, Inc. ("Plaintiff") and Defendants Gopi Hospitality, LLC, Upesh Shah, and Vipul Patel. Plaintiff seeks confirmation of a January 31, 2018 arbitration award concluding that: (1) Defendants Gopi Hospitality, LLC, Mr. Shah, and Mr. Patel materially defaulted on the franchise agreement entered into with Plaintiff on May 7, 2007; (2) the agreement was properly terminated; and (3) Plaintiff incurred damages under the franchise agreement. A memorandum opinion and order was issued on October 2, 2018, granting Plaintiff's motion for default judgment as to Defendant Gopi and denying as to Defendants Shah and Patel (hereinafter, "Defendants").[1] (ECF No. 14).

---

[1] Additional recitation of the factual background can be found in the court's prior memorandum addressing Plaintiff's motion for default judgment.

Plaintiff filed a motion for summary judgment on February 21, 2019. (ECF No. 17). Defendants responded on March 25, 2019. (ECF No. 23). The issues are fully briefed and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the reasons that follow, Plaintiff's motion will be granted.

## I. Standard of Review

Summary judgment may be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Emmett v. Johnson,* 532 F.3d 291, 297 (4th Cir. 2008). Summary judgment is inappropriate if any material factual issue "may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.,* 264 F.3d 459, 465 (4th Cir. 2001).

"A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [its] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.,* 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed.R.Civ.P. 56(e)). "A mere scintilla of proof . . . will not suffice to prevent summary judgment." *Peters v. Jenney,* 327 F.3d 307, 314 (4th Cir. 2003). "If the evidence is merely colorable, or is not significantly probative, summary judgment may

2

be granted." *Liberty Lobby,* 477 U.S. at 249-50 (citations omitted). At the same time, the facts that are presented must be construed in the light most favorable to the party opposing the motion. *Scott v. Harris,* 550 U.S. 372, 378 (2007); *Emmett,* 532 F.3d at 297.

**II. Analysis**

Pursuant to § 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, a party to arbitration may apply for an order confirming the arbitration award within one year after the award is made. Moreover, "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11[.]" 9 U.S.C. § 9. Section 10 permits the court to vacate the award: (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or misconduct on the part of the arbitrator; or (3) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. 9 U.S.C. § 10(a). Additionally, a court may overturn a legal interpretation of an arbitration panel if "it is in manifest disregard for the law." *See, e.g.*, *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.,* 142 F.3d 188, 193 (4th Cir. 1998) ("Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of the law"); Upshur Coals

Corp. v. United Mine Workers of Am., 933 F.2d 225, 229 (4th Cir. 1991). Mere misinterpretation of a contract or an error of law does not suffice to overturn an award. *See Upshur*, 933 F.2d at 229. The burden is on the party challenging an award to prove the existence of one of the grounds for vacating the award.

As the United States Court of Appeals for the Fourth Circuit has explained:

> Review of an arbitrator's award is severely circumscribed. Indeed, the scope of review of an arbitrator's valuation decision is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all — the quick resolution of disputes and the avoidance of the expense and delay associated with litigation. *Jih v. Long & Foster Real Estate, Inc.*, 800 F.Supp. 312, 317 (D.Md. 1992). Federal courts may vacate an arbitration award only upon a showing of one of the grounds listed in the [FAA], or if the arbitrator acted in manifest disregard of law. *In re A.H. Robins Co., Inc.*, 197 B.R. 513, 516 (E.D.Va. 1994).

*Apex Plumbing*, 142 F.3d at 193 (internal footnotes omitted).

Plaintiff argues that, "because Defendants are time-barred from objecting to the [arbitration] award, there can be no dispute of material facts in this case." (ECF No. 17, at 7). In support, Plaintiff submits (1) the parties' franchise agreement; (2) the notice of default and accompanying consolidated statement detailing outstanding payments; (3) the notice of termination; and (4) the arbitrator's final award. (ECF No. 17).

4

In response, Defendants argue that there is a genuine dispute of material fact because Plaintiff "seek[s] to enforce the terms of a non[-]existent franchise agreement[.]" (ECF No. 23, at 2). Specifically, Defendants take issue with the date of the franchise agreement, stating that Plaintiff's application to confirm arbitration award "relies upon the fictitious existence of a May 7, 2007 franchise agreement" although the actual agreement was executed on May 20, 2009 and returned to Defendants on September 24, 2009. (ECF No. 23, at 2). Based on this purported inconsistency, Defendants conclude that "the arbitration award here cannot be enforced and must be vacated." (*Id.*).

Insofar as Defendants seek to vacate the final award pursuant to 9 U.S.C. § 10, their request is untimely. "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered," 9 U.S.C. § 12, and a motion to vacate filed or served after this three-month period is time-barred, *see Taylor v. Nelson,* 788 F.2d 220, 225 (4th Cir. 1986) (finding that an attempt to vacate an arbitration award could not be made in opposing a later application to confirm because the three-month period had expired). *See also Chase v. Nordstrom, Inc.,* No. 10-cv-2114-CCB, 2010 WL 4789442, at *2 (D.Md. Nov. 17, 2010).

Here, the arbitration award was issued on January 31, 2018. The period in which Defendants could provide notice of a motion to

vacate expired on April 31, 2018. Defendants initially asked for the award to be vacated in their August 27, 2018 answer to Plaintiff's application. (ECF No. 11). Thus, their request was untimely by over three months.[2] Defendants have not asserted that any exception to the time limitation set forth in § 12 should apply, and it appears doubtful that they could do so. *See Chase,* 2010 WL 4789442, at *2 (citing *Parsons, Brinckerhoff, Quade & Douglas, Inc. v. Palmetto Bridge Constructors,* 647 F.Supp.2d 587, 594 (D.Md. 2009)) ("The Fourth Circuit has strongly intimated—but has stopped short of explicitly holding—that there are no equitable exceptions to the three-month limitations period set forth in the Federal Arbitration Act"); *Taylor,* 788 F.2d at 225 ("The existence of any such exceptions to § 12 is questionable, for they are not implicit in the language of the statute, and cannot be described as common-law exceptions because there is no common-law analogue to enforcement of an arbitration award.").

Additionally, Defendants' argument that there is a genuine dispute of material fact based on the date of the franchise agreement is unfounded. The final award specifically states that

---

[2] Plaintiff asserts that the "statute of limitations began to run on February 2, 2018." (ECF No. 17, at 6). However, using this erroneous date to calculate the limitations period still indicates that Defendants' initial request to vacate was filed over three months beyond the filing deadline.

6

it is "in accordance with the arbitration agreement entered into between [Plaintiff, Individual Defendants, and Corporate Defendant] and **dated September 24, 2009**[.]" (ECF No. 1-2, at 1) (emphasis added). Defendants admit that they entered into a franchise agreement with Plaintiff, indicating that the franchise agreement attached to Plaintiff's motion for summary judgment is that franchise agreement. (ECF No. 23, at 2). The franchise agreement, which Defendants signed, contains the arbitration clause underlying this dispute. (ECF No. 17-1, at 18-19). As such, Plaintiff is not seeking to enforce a "non-existent franchise agreement" but rather an arbitration award determined in light of the parties' binding contract. *See* 9 U.S.C. §§ 2, 9. Plaintiff's failure to reference the accurate franchise agreement date in both their application to confirm arbitration award and motion for summary judgment does not create a genuine issue of material fact regarding the franchise agreement's existence.

Furthermore, Plaintiff has established that there was a valid contract between the parties requiring arbitration of "any controversy or claim arising out of or relating to th[e] [a]greement," (ECF Nos. 1-1 & 17-1) and that its demands for arbitration arose from Defendants' breach of the parties' franchise agreement (ECF Nos. 1 ¶¶ 7-9; 17-2; 17-3). Thus, the claims resolved at arbitration are within the scope of the parties' agreement. Moreover, the evidence submitted by Plaintiff in

7

support of its motion amply supports the final award. Accordingly, Plaintiff's motion for summary judgment will be granted.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment will be granted. A separate order will follow.

                                                                /s/
                                      DEBORAH K. CHASANOW
                                      United States District Judge